# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF IDAHO

| | |
|---|---|
| IN RE                      ) | |
|                            ) | Case No. 08-20576-TLM |
| RONNIE LEWIS HURD,         ) | |
|                            ) | Chapter 13 |
|         Debtor.            ) | |
| _____ ) | |

## MEMORANDUM OF DECISION
_____

**INTRODUCTION**

This case concerns the representations and certifications made by an attorney when submitting a document purporting (though, it turns out, falsely) to have been approved by his opposing counsel and a trustee, and the consequences of such conduct.

On July 9, 2010, this Court entered an Order to Show Cause, *see* Doc. No. 86, directed to attorney Holger Uhl ("Counsel") acting as the attorney for the Bank of New York Mellon, a secured creditor. Counsel filed a declaration in response to the Order to Show Cause, *see* Doc. No. 87, and he appeared at the scheduled July 20, 2010 show cause hearing. The Court listened to Counsel's submissions and took the matter under advisement. The following constitute the Court's findings of fact and conclusions of law.

MEMORANDUM OF DECISION - 1

**FACTS**

In a process repeated hundreds of time each year in this Court, Counsel for his creditor client, the chapter 13 Debtor through his attorney, and the chapter 13 Trustee entered into a stipulation resolving a pending motion for § 362(d) stay relief on Debtor's residence. *See* Doc. No. 84; *see also* Doc. Nos. 79 (motion), 81 (objection). The original stipulation was scanned for filing, thus showing the actual signatures of Debtor's counsel and the Trustee. But that is when things went awry.

Counsel then submitted to the Court a proposed order approving the stipulation. That order purported to bear the signature endorsement of Debtor's counsel and the Trustee. Consistent with this Court's Electronic Case Filing (ECF) Procedures, the signatures of Debtor's counsel and the Trustee were indicated by a typed "/s/" at the bottom of the last page of the proposed order.

The Court declined to enter that proposed order because it realized the order's terms were inconsistent with the terms in the parties' filed stipulation, Doc. No. 84. When the Court's clerk contacted the parties regarding this problem, the clerk was informed by Debtor's counsel and by the Trustee that they had neither reviewed nor endorsed any order on the stipulation.

Counsel then submitted a second proposed order to the clerk. This order again bore the purported "/s/" signature endorsement of Debtor's counsel and the

MEMORANDUM OF DECISION - 2

Trustee. However, prior to this order making its way from the clerk to the Court for review and entry, Counsel's office contacted the clerk by e-mail and asked that the order be held by the clerk and not submitted for entry because Counsel was "awaiting approval on the amended order from debtor's counsel and the trustee."

Alerted to this communication and having now been presented with serial improper proposed orders on the parties' stipulation, the Court declined to enter any order at all, and declined to vacate the pending § 362(e) final hearing on the stay relief motion. Debtor's counsel and the Trustee appeared at that final hearing; Counsel did not appear. At this hearing, Debtor's counsel and the Trustee confirmed to the Court their earlier statements to the clerk that they had not seen or approved the first two orders submitted by Counsel.

On July 9, 2010, given the now confirmed misrepresentations on the two sequential versions of the proposed order, and given apparent violations of this Court's rules and ECF Procedures and the General Order implementing those Procedures, the Court entered an Order to Show Cause and scheduled a hearing for July 20. That Order was based on the Court's inherent powers, § 105 of the Code, and Fed. R. Bankr. P. 9011. The Order referenced these authorities, and also Idaho Rules of Professional Conduct 3.1 and 3.3, incorporated through LBR 9010.1(g).

Counsel appeared at the July 20 hearing. He first apologized to the Court,

MEMORANDUM OF DECISION - 3

and to Debtor's counsel and the Trustee, for his error in submitting the multiple proposed orders to the Court that wrongly represented he had obtained the approval of the parties when in fact he had not received approval or signature endorsements.

Counsel further explained that, because his firm had a geographically diverse practice, it utilized technology to process its work. Though he indicated his firm had a procedure in place for an attorney to approve the electronic filing of a document in the ECF system and to confirm that filing attorney's signature, it had no similar procedure in place for review and submission of stipulations or stipulated orders. Instead, Counsel's firm utilized e-mails for this process. Counsel explained he here assumed, inaccurately, that the stipulation and proposed order were simultaneously sent to Debtor's counsel and the Trustee. When Counsel received an e-mail from his staff informing him that "signatures had been obtained," he thought the signatures were obtained on both the stipulation and the proposed order, and he therefore instructed his assistant to file the stipulation and to submit the order. Counsel did not review the final documents prior to their submission and, thus did not catch the patent error in the first order's terms, or question why the Debtor's attorney or Trustee would approve such an order. He did not personally confirm the approvals were

MEMORANDUM OF DECISION - 4

obtained. His approach and his delegated system were flawed.[1]

Counsel therefore lodged proposed orders affirmatively representing that he had the signature approvals of Debtor's counsel and the Trustee though they had not, in fact, been obtained.

Now recognizing that this e-mail and internal verification system was "not acceptable," Counsel advised the Court that his firm's processes have been modified, and that he now handles all the stipulations and stipulated orders personally. He says he will insure that he has the signatures of the parties in hand prior to making such a representation to the Court.

## DISCUSSION AND DISPOSITION

A bankruptcy court has the authority to regulate the practice of lawyers who appear before it. Such authority stems from the court's inherent powers, the Code and the Rules. *See Price v. Lehtinen (In re Lehtinen),* 564 F.3d 1052, 1058 (9th Cir. 2009); *Caldwell v. Unified Capital Corp. (In re Rainbow Magazine, Inc.)*, 77 F.3d 278, 284 (9th Cir. 1996).

Electronic filing is authorized by Fed. R. Bankr. P. 5005(a)(2), which provides:

> A court may by local rule permit or require documents to be filed, signed, or verified by electronic means that are consistent with

---

[1] Counsel appropriately refrained from blaming either the "system" or his clerical staff for his own deficiencies as the responsible attorney.

MEMORANDUM OF DECISION - 5

>technical standards, if any, that the Judicial Conference of the United States establishes. A local rule may require filing by electronic means only if reasonable exceptions are allowed. A document filed by electronic means in compliance with a local rule constitutes a written paper for the purpose of applying these rules, the Federal Rules of Civil Procedure made applicable by these rules, and § 107 of the Code.

General Order 187 and LBR 5003.1 implement electronic filing in this Court, and attorneys are required to follow the Court's ECF Procedures.

Under these rules and procedures, the Court allows an attorney, if he is a "registered participant" in the ECF system, to file verified pleadings and submit proposed orders electronically, but the Court specifically requires, *inter alia*, that the parties "insure that the electronic version conforms to the original, signed document." *See* General Order 187 at 4 (Nov. 15, 2004); *see also* ECF Procedures at § 13(A). Furthermore, submission of an *endorsed* proposed order, as done here, "constitutes a certification by the submitting party that the indicated approvals were obtained." ECF Procedures at § 12(B)(7).

Here, Counsel has shown a lack of attention, care and skill in utilizing this Court's ECF system. However, it is more than merely a question of negligence. His errors have greater consequence. This is because Federal Rule of Bankruptcy Procedure 9011(b),[2] in addition to Rule 5005(a)(2), General Order 187 and the

---

[2] Fed. R. Bankr. P. 9011 states:

(b) REPRESENTATIONS TO THE COURT. By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written
(continued...)

MEMORANDUM OF DECISION - 6

ECF Procedures, makes the filing of a pleading, document or paper a representation and certification by Counsel.  Counsel's actions here are violative of Rule 9011(b) and further implicate Idaho Rules of Professional Conduct 3.1 and 3.3.[3]

As noted in *In re Tran*, 427 B.R. 805, 808 (Bankr. N.D. Cal. 2010), when an attorney submits an electronically signed document to the Court, "he is

---

[2](...continued)
motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,--

> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
>
> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

[3] Idaho Rule of Professional Conduct 3.1 prohibits assertions by an attorney unless there is a basis in fact for making them.  Comment [1] to that rule states:  "The advocate has a duty to use legal procedure for the fullest benefit of the client's cause, but also a duty not to abuse legal procedure.  The law, both procedural and substantive, establishes the limits within which an advocate may proceed."  Idaho Rule of Professional Conduct 3.3(a)(1) provides that a lawyer shall not knowingly make a false statement of fact to a court.  Comment [2] to that rule notes a lawyer's duty "to avoid conduct that undermines the integrity of the adjudicative process."  And Comment [3] makes the lawyer responsible for pleadings and documents used in litigation, and "an assertion purporting to be on the lawyer's own knowledge . . . may properly be made only when the lawyer knows the assertion is true or believes it to be true on the basis of a reasonably diligent inquiry."

MEMORANDUM OF DECISION - 7

certifying to the court that he has the [document] in his physical possession bearing the original signature of the [party]. If the certification is false, the attorney is subject to sanctions pursuant to Rule 9011." And as another bankruptcy court explained:

> the integrity of the electronic filing system is at risk if attorneys are careless in their handling of originals. In addition, attorneys must treat the filing of electronic documents no differently than the court's prior system. At all times and for all documents filed with the court, an original signature is required. The same public policy that prevented an attorney from filing a document on a client's behalf without an original signature still exists in the era of electronic filing.

*In re Brown*, 328 B.R. 556, 559 (Bankr. N.D. Cal. 2005). In sum, an attorney's electronic submission of a document to the Court inaccurately "purporting to have [a party's] signature is no different than [the attorney] physically forging [the party's] signature and handing the [document] over the counter to the clerk." *In re Wenk*, 296 B.R. 719, 725 (Bankr. E.D. Va. 2002).[4]

Here, Counsel failed to acquire original signatures prior to affirmatively representing to the Court that the Debtor's attorney and the Trustee had endorsed the proposed order. Nor did he have telephonic or other documented approval with which he could properly, confidently and safely assert the fact of these

---

[4] *Tran* involved a debtor's counsel who filed schedules containing a representation that his clients had signed them when in fact they had not. *Brown* concerned a debtor's attorney filing a plan falsely purporting to be signed by the debtor. *Wenk* involved a petition electronically "signed" and filed by counsel with no original petition actually signed by debtor. Each of these decisions is worth reading in full carefully. The matters discussed in these decisions, and in the instant Decision, have broad and important applicability to all bankruptcy practitioners.

MEMORANDUM OF DECISION - 8

parties' consent. *See* ECF Procedures at § 12(B)(7).[5] Thus, Counsel failed to meet his obligation to insure the truthfulness and accuracy of the representations he made to this Court. He did so, not once, but twice.

Rule 9011(c) authorizes the Court to impose a sanction upon an attorney for a violation of Rule 9011(b)(3). Moreover, the Court has the authority pursuant to § 105(a) to:

> issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

Notwithstanding the serial nature of the error here, the Court is convinced that there was no willful misconduct by Counsel in the sense of an active intent to misrepresent the positions of Debtor's counsel or the Trustee, *i.e.*, the sort of misconduct that would justify the imposition of severe sanctions under this Court's statutory, rule and inherent powers. In addition, while Counsel's actions were obviously (and, now, admittedly) careless and negligent, the Court concludes

---

[5] The ECF Procedures reference original and facsimile signatures, and telephonic approvals. The Court has no reason to question, in the current technological age, that endorsement approvals by other parties may also be communicated by e-mail, and assumes that adequate documentation of such approvals can be similarly maintained in an attorney's files as would an actual signature. (This approach, of course, would not apply where an actual signature is absolutely required, as on petitions, schedules, statements, and plans. *See, e.g.*, *Brown*, 328 B.R. at 559). If so obtained and documented, the endorsement could be appropriately represented on papers submitted to the Court.

MEMORANDUM OF DECISION - 9

he did not make a "knowingly" false statement to this Court in violation of Idaho Rule of Professional Conduct 3.3. Nonetheless, the Court is left with a violation of Rule 9011(b)(3), Idaho Rule of Professional Conduct 3.1, General Order 187, LBR 5003.1 and the ECF Procedures. Some sort of a sanction is appropriate, and may be imposed under Rule 9011(c) and § 105.[6]

Here, Counsel has indicated some modifications are being made to his practice to address the several problems associated with his handling of stipulations and submission of stipulated orders to this Court. But this did not occur until after the fact. The various authorities discussed above require attention to the issue prospectively, not just in remediation. That the defects in Counsel's approach were even brought to light was due to the Court's diligence in reviewing the originally submitted order and noting that its terms were materially inconsistent with the parties' filed stipulation. And that this led to learning neither Trustee nor Debtor's counsel had actually signed off on the proposed order as represented was merely fortuitous.[7]

The fact that Counsel was either unaware that internal firm procedures

---

[6] *See In re Brooks-Hamilton*, 400 B.R. 238, 248 (9th Cir. BAP 2009) (discussing a bankruptcy court's authority to impose civil contempt sanctions under § 105(a) to deter reckless or negligent behavior).

[7] The Court assumes, though, that had it signed and entered the first order, Trustee and Debtor's counsel would have quickly alerted all involved that the representation regarding their signature approval was false.

MEMORANDUM OF DECISION - 10

allowed the filing and submission of an order or stipulation without an attorney's review or verification or was aware of the inadequate procedure and tolerated it, is troubling. Either way, it shows little regard for the rules or for Counsel's professional responsibilities. And it shows little concern for the fact that Counsel's *own* signature and his presentation of papers to the Court constitute *his* representation and certification as to the document's accuracy.

In order to insure that such conduct is not repeated, notwithstanding Counsel's promises of modified practices, and to ensure appropriate attention is given to the professional obligations imposed on Counsel, including those where he represents signature approvals have been given by some other party, the Court concludes that Counsel shall be required to complete four (4) hours of continuing legal education (CLE) credits in legal ethics and professional responsibility.[8] Such courses shall be completed within six (6) months. Certification of completion shall be submitted to the Court by an appropriately detailed filing in the instant case. Upon the filing of such certification and subject to the Court's review of the same, the Court will deem the Order to Show Cause satisfied.

An Order will be entered by the Court upon this Decision.

---

[8] The Court notes that under Idaho Bar Commission Rule 402(a)(2), the Board of Commissioners of the Idaho State Bar approves CLE courses qualifying for ethics credit, and it is the intent of the Court in this Decision and Order that the courses Counsel completes be so approved.

MEMORANDUM OF DECISION - 11

DATED: August 11, 2010



TERRY L. MYERS
CHIEF U. S. BANKRUPTCY JUDGE

MEMORANDUM OF DECISION - 12